## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LARRY FREEMAN**                                        **CIVIL ACTION**

**VERSUS**                                               **NO: 16-8588**

**AUSTIN MAINTENANCE AND**                               **SECTION: "H"(1)**
**CONSTRUCTION, INC.**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Doc. 11).  For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff avers that he was discriminated against by Defendant Austin Maintenance and Construction, Inc., his former employer.  Plaintiff, who is African American, alleges that he was the victim of racial discrimination, retaliation, hostile work environment, and sexual harassment.  Defendant has responded to this suit with the instant Motion to Compel Arbitration, wherein it argues that Plaintiff agreed to resolve any employment disputes in

1

accordance with Defendant's "Open Door" dispute resolution policy, which dictates that final resolution of any such dispute shall be made by binding arbitration.  Plaintiff opposes this Motion.

## LEGAL STANDARD

The primary issue before the Court is whether Plaintiffs' claims are subject to arbitration. The inquiry is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1]

A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2]   The Court must first determine whether the parties agreed to arbitrate the dispute.[3]   This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4]   If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[5]   Where all the claims presented in a case are subject to arbitration, the district court may dismiss the case.[6]

---

[1]  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).
[2]  *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).
[3]  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).
[4]  *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).
[5]  *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).
[6] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see Apache Bohai Corp., LDC v.*

## LAW AND ANALYSIS

With this Motion, Defendant argues that Plaintiff agreed to binding arbitration of disputes arising out of his employment as part of his employment application.   Plaintiff responds, arguing (1) that Defendant's evidence of the existence of an arbitration agreement is insufficient, (2) that the Court should disallow enforcement of the arbitration agreement because of the inequity of the agreement, and (3) that the arbitration agreement is unenforceable because it requires a waiver of causes of action under federal law.  The Court will address each of these arguments in turn.

## I. Whether Defendant has Supplied Sufficient Evidence of an Arbitration Agreement

In support of its Motion, Defendant has presented (1) a brochure outlining Defendant's "Open Door" dispute resolution policy, (2) a signed copy of Plaintiff's employment application on which certain portions of the form are illegible, (3) a blank copy of the same form on which the illegible portions of Plaintiff's application are legible, and (4) an authenticating affidavit signed by Robert Kasubinski, Defendant's Human Resources Director.   Plaintiff challenges these documents as inadmissible hearsay.  This Court disagrees. Both copies of the employment application are properly authenticated as business records pursuant to Federal Rule of Evidence 803(6).  Plaintiff does not dispute that he signed the employment application.  He likewise does not dispute Defendant's assertion that the blank copy of the application is identical in content to the one Plaintiff signed.  The Open Door policy outlined in the

---

*Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003) (stating that failure to dismiss under those circumstances is not an abuse of discretion).

attached brochure, which provides for arbitration of any conflicts arising out of Plaintiff's employment, is incorporated into the signed employment application by reference.

Taken together, the evidence submitted by Defendant is sufficient to demonstrate a valid agreement on the part of the Plaintiff to arbitrate any disputes arising out of his employment with Defendant. The plain text of the application, which Plaintiff signed, indicates that all employment disputes are subject to binding arbitration, and that the signatory waives all rights to civil court actions for claims subject to arbitration. The Title VII claims presented in Plaintiff's Complaint clearly fall within the scope of this agreement.

## II. Whether the Court Should Allow Enforcement of the Arbitration Agreement

Plaintiff next argues that, even if the Court finds that an arbitration agreement exits, it should not be enforced because it was an onerous, oppressive, and one-sided precondition of employment imposed unilaterally by Defendant. Plaintiff has cited to no authority in support of this position. Arbitration agreements contained in employment applications are routinely enforced by federal courts.[7] Plaintiff has cited to no circumstance unique to this matter sufficient to persuade the Court to deviate from this rule. Accordingly, the Court finds that there is there is no federal statute or policy that renders the dispute non-arbitrable.

---

[7] *Fernandes v. Dillard's Inc.*, 997 F. Supp. 2d 607, 610 (S.D. Tex. 2014) (collecting cases); *See also Velazquez v. Brand Energy & Infrastructure Serv. Inc.*, 781 F. Supp. 2d 370, 376 (W.D. La. 2011).

**III.  Whether the Agreement Requires a Waiver of Federal Causes of Action**

Plaintiff finally contends that the Court should disallow enforcement of the arbitration agreement because it constitutes an unenforceable waiver of federal causes of action.  In support of this contention, they point to provisions of the Open Door policy which state that the policy shall be interpreted and construed under Texas law.  A plain reading of this provision shows that they do not purport to limit Plaintiff's ability to assert a cause of action under Title VII or any other applicable federal law.  Rather, this choice of law provision merely provides for the law that will control in interpreting the provisions of the Open Door policy itself.  Accordingly, this argument is without merit.

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Compel Arbitration is **GRANTED**.  Plaintiff's claims are **DISMISSED**, and the parties are ordered to arbitrate this dispute.

New Orleans, Louisiana this 14th day of December, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**